FILED
MINNEAPOLIS, MINN

PERSONALLY SERVED

STATE OF MINNESOTA

2015 JUN 29 AM 11: 35

DISTRICT COURT

COUNTY OF HENNEPIN

CITY CLERK FOURTH JUDICIAL DISTRICT
DEPARTMENT

Case Type: Civil Rights

---

David Concha,

                     Plaintiff,

     vs.

City of Minneapolis, Joshua
Henninger, Luis Realivasquez, and
Heidi Eisenbeis,

                  Defendants.

**Civil File No.** _____

**SUMMONS IN A CIVIL ACTION**

---

TO:    City of Minneapolis
        City Hall, Room 304
        350 South Fifth Street
        Minneapolis, MN 55415

    **1. YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.   You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons to the address below.

    **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    **4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.**  If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you

Exhibit A

and award the Plaintiff everything asked for in the complaint.  If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 29, 2015

_____
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**

Exhibit A

PERSONALLY SERVED

FILED
MINNEAPOLIS, MINN

STATE OF MINNESOTA                    2015 JUN 29 PM 2: 15          DISTRICT COURT

COUNTY OF HENNEPIN                    CITY CLERK FOURTH JUDICIAL DISTRICT
                                      DEPARTMENT

                                                          Case Type: Civil Rights

---

David Concha,                              **Civil File No. _____**

                        Plaintiff,

        vs.                                        **COMPLAINT**

City of Minneapolis, Joshua                   **JURY TRIAL REQUESTED**
Henninger, Luis Realivasquez, and
Heidi Eisenbeis,

                Defendants.

---

### THE PARTIES

1.      Plaintiff is an adult male who currently resides and has resided in Minnesota at all times relevant to this action.

2.      Defendants Joshua Henninger, Luis Realivasquez, and Heidi Eisenbeis are adults who at all times relevant to the allegations set forth in this Complaint were acting under color of state law in their capacities as law enforcement officers employed by the City of Minneapolis, Minnesota.  Plaintiff is suing them in their individual capacities.

3.      Defendant City of Minneapolis is a political subdivision of the State of Minnesota.  Minneapolis employed Defendants Henninger, Realivasquez, and Eisenbeis as police officers at all times relevant to this action.  Minneapolis is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the

Exhibit B

unlawful conduct of Defendants Henninger, Realivasquez, and Eisenbeis. Minneapolis is the political subdivision charged with training and supervising law enforcement officers. Minneapolis has established and implemented, or delegated the responsibility for establishing and implementing, policies, practices, procedures, and customs used by law enforcement officers employed by Minneapolis regarding seizures and the use of force. Minneapolis is therefore also being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

## JURISDICTION AND VENUE

4.     This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988 and federal and state common law. This Court has jurisdiction over this matter pursuant to Minn. Stat. § 484.01 *et seq.* and Minnesota common law. Venue lies properly in Hennepin County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq.*, as the events giving rise to this action occurred in Hennepin County.

## GENERAL ALLEGATIONS

5.     On May 31, 2014, at or around 2:30 a.m., Plaintiff was walking with his brother toward Plaintiff's car, which was parked in a parking lot in downtown Minneapolis.

6.     Plaintiff and his brother approached and walked slightly past a street corner where an altercation was beginning between a young white couple and approximately 10 young black people.

2

Exhibit B

7.     As Plaintiff and his brother passed the altercation, Plaintiff's brother saw virtually all of the young black people punching or kicking the white couple, both of whom were on the ground.

8.     Plaintiff's brother told Plaintiff that they should go back and intervene, but Plaintiff responded that they should continue toward Plaintiff's car.

9.     During this short discussion between Plaintiff and his brother, which took approximately one minute, mounted officers advanced toward Plaintiff and his brother.

10.    As Plaintiff turned to look toward the altercation, at least one of the police officers, Joshua Henninger, took out his department issued Freeze +P chemical irritant and gave a burst directly into Plaintiff's eyes.

11.    Plaintiff's brother helped Plaintiff over to a storefront where they waited for 10 or 15 minutes until Plaintiff was able to see better.

12.    Though Plaintiff and his brother did not know Joshua Henninger's name or badge number, they decided to report him.

13.    Plaintiff and his brother approached Joshua Henninger and the other police officers, but remained on the sidewalk.

14.    Plaintiff said he was sprayed for no reason and he wanted Joshua Henninger's badge number.

15.    Joshua Henninger replied that he had left his badge at home, and told Plaintiff and his brother to "get the fuck out of here."

16.    Plaintiff asked again for Joshua Henninger's badge number.

3

Exhibit B

17.     Officers walked toward Plaintiff and his brother.

18.     Joshua Henninger asked whether Plaintiff wanted to be arrested, and told Plaintiff and his brother to "get the fuck out of here."

19.     Plaintiff asked again for Joshua Henninger's badge number.

20.     Officers walked toward Plaintiff and his brother, and at least one officer again told Plaintiff and his brother to "get the fuck out of here."

21.     Plaintiff and his brother turned to walk away.

22.     Plaintiff and his brother were no longer facing the officers.

23.     Heidi Eisenbeis and Luis Realivasquez then took Plaintiff to the ground.

24.     Specifically, Heidi Eisenbeis jumped on Plaintiff from behind, pushing Plaintiff face first into a city bench on the sidewalk.

25.     Heidi Eisenbeis then kneed Plaintiff in the ribs at least twice.

26.     Plaintiff stated that he had recently had surgery on his left shoulder.

27.     Luis Realivasquez then handcuffed Plaintiff's hands behind Plaintiff's back, causing Plaintiff significant pain due to his recent surgery.

28.     Plaintiff asked that the handcuffs be loosened because of the pain.

29.     Plaintiff was transported to and booked at the Hennepin County Jail for obstruction.

30.     Plaintiff's brother spent the night in Plaintiff's car, checking with police officers every hour in an attempt to bail Plaintiff out of jail.

31.     Plaintiff was released at approximately 11 a.m. on May 31, 2014.

4

Exhibit B

32.     Plaintiff's criminal case was resolved via a continuance for
dismissal, also known as a continuance without a plea.

### COUNT I
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – FALSE ARREST
### Against Defendants Realivasquez and Eisenbeis

33.     Plaintiff restates the allegations contained in the preceding
paragraphs as though fully incorporated herein.

34.     Defendants Realivasquez and Eisenbeis, acting under color of state
law, arrested Plaintiff without a warrant.

35.     At the time Defendants Realivasquez and Eisenbeis arrested
Plaintiff without a warrant, it was clearly established that a warrantless arrest
complies with the Fourth Amendment only "if it is supported by probable
cause." *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011).

36.     Defendants Realivasquez and Eisenbeis did not have probable
cause, or even arguable probable cause, to arrest Plaintiff.

37.     The obstruction of legal process statute proscribes a person from
obstructing, hindering, or preventing apprehension of another on a charge or
conviction of a criminal offense.  Minn. Stat § 609.50, subd. 1(1).

38.     Plaintiff did not obstruct, hinder, or prevent the apprehension of
another on a charge or conviction of a criminal offense.

39.     Defendants Realivasquez and Eisenbeis, by arresting Plaintiff
without a warrant, caused Plaintiff harm.

5

Exhibit B

## COUNT II
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE
#### Against All Defendants

40.    Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

41.    Defendants Henninger, Realivasquez, and Eisenbeis, acting under color of state law, used force against Plaintiff.

42.    This use of force was excessive because it was not reasonably necessary under the circumstances.

43.    Plaintiff was harmed as a direct result of this excessive use of force.

44.    At the time of this excessive use of force, it was clearly established that the Fourth Amendment guarantees the right to be free from unreasonable seizures, which includes the right to be free from excessive force by police officers.

45.    Even if Defendants Realivasquez or Eisenbeis did not use excessive force against Plaintiff, they witnessed one or more other officers using excessive force against Plaintiff.

46.    At the time Defendants used force against Plaintiff, it was clearly established that police officers have an affirmative duty to intervene on behalf of people whose Fourth Amendment rights are being violated in their presence by one or more other officers.  *Webb v. Hiykel*, 713 F.2d 405, 408 (8th Cir. 1983); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir.1981).

6

Exhibit B

47.    Defendants Realivasquez and Eisenbeis failed to intervene on Plaintiff's behalf.

48.    Plaintiff was harmed as a direct result of this failure to intervene.

## COUNT III
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS – FIRST AMENDMENT RETALIATION
### Against Defendants Realivasquez and Eisenbeis

49.    Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

50.    Plaintiff's seizure, which was a false arrest, was in retaliation for protected activity. *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010).

51.    Specifically, Plaintiff asked for an officer's badge number, one or more government officials arrested him without probable cause or arguable probable cause, and the arrest was motivated at least in part by Plaintiff's protected activity.

52.    At the time of Plaintiff's seizure, it was clearly established that police officers violate the First Amendment by arresting someone without a warrant or probable cause (or arguable probable cause) and in retaliation for a lawful exercise of his or her First Amendment rights.

53.    Defendants Realivasquez and Eisenbeis also used force against Plaintiff, which was excessive, in retaliation for Plaintiff's lawful exercise of his First Amendment rights.

7

Exhibit B

54.     Specifically, Plaintiff asked for an officer's badge number, Defendants Realivasquez and Eisenbeis used excessive force against him, and the excessive force was motivated at least in part by Plaintiff's protected activity.

55.     At the time of Plaintiff's seizure, it was clearly established that police officers violate the First Amendment by using excessive force against someone in retaliation for a lawful exercise of his or her First Amendment rights.

56.     Plaintiff was harmed as a direct result of this retaliation by Defendants Realivasquez and Eisenbeis.

## COUNT IV
## FALSE IMPRISONMENT
### Against Defendants Realivasquez and Eisenbeis

57.     Plaintiff restates the preceding paragraphs as though fully stated herein.

58.     Defendants Realivasquez and Eisenbeis intentionally restricted Plaintiff's physical liberty by words or acts.

59.     Plaintiff was aware of or was harmed by these words or acts of Defendants Realivasquez and Eisenbeis.

60.     There was no reasonable means of escape known to Plaintiff.

61.     Plaintiff's arrest was made without proper legal authority.

62.     Plaintiff was harmed as a direct result of this false imprisonment by Defendants Realivasquez and Eisenbeis.

8

Exhibit B

## COUNT V
## BATTERY
### Against All Defendants

63.    Plaintiff restates the preceding paragraphs as though fully stated herein.

64.    Defendants caused harmful or offensive contact with Plaintiff.

65.    Plaintiff was harmed as a direct result of Defendants' harmful or offensive contact with Plaintiff.

## COUNT VI
## ASSAULT
### Against All Defendants

66.    Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

67.    Defendants acted with the intent to cause apprehension or fear of immediate offensive contact with Plaintiff.

68.    Defendants had the apparent ability to cause the offensive contact.

69.    Plaintiff had a reasonable apprehension of fear that the immediate offensive contact would occur.

70.    Plaintiff was harmed as a direct result of Defendants' assault.

### JURY DEMAND

71.    Plaintiff demands a jury trial.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1.    Enter judgment in Plaintiff's favor on his claims against

Defendants in an amount exceeding $50,000, including litigation

9

Exhibit B

expenses and attorneys' fees, the exact amount to be proven at trial;

2.  Declare that Defendants' conduct, as set forth above, violated 42 U.S.C. § 1983;

3.  Award Plaintiff damages to compensate him for the harm he suffered as a result of Defendants' unlawful conduct;

4.  If Defendants remove this case to federal court, award Plaintiff punitive damages with respect to his claims under federal law, the exact amount to be proven at trial;

5.  Grant Plaintiff leave to amend this Complaint to include a claim for punitive damages, the exact amount to be proven at trial;

6.  Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees, pursuant to 42 U.S.C. § 1988;

7.  Grant Plaintiff all statutory relief to which he is entitled;

8.  Grant Plaintiff leave to amend this Complaint to supplement any factual deficiencies or otherwise address any pleading deficiencies herein; and

9.  Grant any other relief the Court deems just and equitable.

Exhibit B

Dated: June 29, 2015

_____
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**

11

Exhibit B

## <u>ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211</u>

Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: June 29, 2015

_____
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**

Exhibit B